## ALLEN ET AL. V. HOYT.

The statute against selling controverted titles, where the feoffer is not in possession at the time of the conveyance, does not extend to the government of the state.

THIS was an action of disseisin, brought by the inhabitants of three ecclesiastical societies, in Fairfield and Norwalk, for certain lands described, which were conveyed to the plaintiffs by virtue of an act of the legislature.

The defendant pleaded in bar — That on the 8th day of April, A. D. 1746, Thomas Hoyt, late of Danbury deceased, owned and was well seized of the demanded premises, as a good indefeasible estate in fee-simple; and being so seized and possessed, conveyed the same to the defendant, by a certain deed of gift, dated the 8th day of April, 1746; which deed was well executed, legally acknowledged and recorded: Whereby, on the 8th day of April, 1746, the defendant became the rightful owner and proprietor of said demanded premises; and afterwards, on the same day, entered into and became seized and possessed thereof in fee-simple, and has ever since been so seized and possessed, and has taken the whole rents and profits thereof to himself, holding out therefrom all other persons whatever:—That on the 6th day of September, 1784, John Lawrence, Esq. as treasurer of this state (the defendant then being in the quiet and peaceable possession) gave and executed his deed of the premises to the plaintiffs, who, by color of said deed, entered into said demanded

premises, the defendant then being in the seizin and possession of the same; and the defendant thereupon deforced the plaintiffs, as well he might.

Replication.—Acknowledging the defendant to have derived title, as set forth in his plea; but that, on the 20th day of April, 1777, being seized and possessed thereof, did voluntarily go to, join with, and put himself under the protection of the enemies of the United States, then at open war with the said states; and did continue with, and under protection of said enemies, until the 24th day of June, 1778, which was after the rising of the general assembly, at their annual session in 1778: That on the 10th day of February, 1779, the selectmen of the town of Danbury, agreeably to the statute law of this state, in such case provided, made complaint to Thaddeus Benedict, Esq. then a justice of the peace for said county, against the defendant, that the defendant, since the 1st day of April, 1777, had joined the enemies of the United States of America, and continued to hold protection under said enemies, until after the rising of the general assembly, in May, 1778: And that on said 10th day of February, 1779, there were goods, chattels, and real estate in this state, belonging to the defendant; and thereupon the said Thaddeus Benedict, Esq. did issue a writ against the defendant, in the following words, viz.—" To the sheriff of Fairfield county, his deputy, or either of the constables of Danbury, in said county, greeting:—Whereas the selectmen of the town of Danbury, have informed me, the authority subscribing, justice of the peace for said county, and given me to understand, that Samuel Hoyt, of said Danbury, since the 1st day

of April, 1777, has joined the enemies of this and the United States of America, and continued to hold protection under them, until after the rising of the assembly, in May, 1778; and that there are goods, chattels, and real estate, in this state, belonging to said Samuel Hoyt:   These are therefore, in the name of the Governor and Company of the state of Connecticut, to require you to summon the said Samuel to appear (if he see cause) before the County Court, to be holden at Fairfield, on the third Tuesday of April next; then and there to show reason (if any he have) why his said estate should not·be confiscated, and disposed of, for the use of this state.   Hereof fail not; but of this writ, with your doings hereon, make due return, according to law.   Dated at Danbury, the 10th day of February, 1779.

"Thaddeus Benedict, Justice of the Peace."

Which writ was duly served on the defendant; and so an action was commenced against the defendant, and the same was duly had and entered in said County Court; and thereupon said County Court did render judgment against the defendant, for the confiscation of his estate, as may appear by the records of said court, which are in the words following, viz.— "At a County Court, held at Fairfield, within and for the county of Fairfield, on the third Tuesday of April, 1779:   Whereas the selectment of the town of Danbury, in Fairfield county, did inform Thaddeus Benedict, Esq.; justice of the peace for said county, that there is real and personal estate, in this state, which belongs to Samuel Hoyt, of Danbury, who hath joined the enemies of the United States of America, and continued to hold protection under them.   Said Hoyt was sum-

Allen et al. v. Hoyt.

moned to appear at this court, to show reason why his said estate should not be declared forfeit, etc. as per writ on file, dated February 10, 1779. The said Hoyt was called at this court, and made answer to said information: Thereupon, this court having heard the evidence relative to said Hoyt's joining himself with the enemy, as aforesaid, and duly considered thereof, are of opinion, that the real and personal estate of the said Hoyt be, and the same is declared forfeit, to and for the use and benefit of this state, and the same be further dealt with according to law."

Thereupon, and by force and virtue of said judgment, the Governor and Company of the state of Connecticut became the rightful owners and proprietors of the demanded premises, and were thereof seized and possessed, and continued to own and possess the same, until the 10th day of September, 1784:— That at the general assembly, held in Hartford, on the second Thursday of May, A. D. 1784, upon the application of the plaintiffs, showing that certain grants of moneys, made by the general assembly, to the plaintiffs, to enable them to erect houses for public worship, in their several societies, to be raised out of the sales of confiscated estates, in said county, were in danger of being defeated, on account of the difficulty attending the sale of said estates: And thereupon it was resolved by said assembly, that said societies might receive deeds from the treasurer of this state, of confiscated lands, to the value of £1500 in satisfaction of said grants of moneys; said lands to be appraised by three gentlemen, in said resolve named, and their certificate of the value and description thereof to be returned to the treasurer. All which was duly done and performed; and on the 6th day of September, 1784, John Lawrence, Esq. treasurer of this state, pur-

suant to said resolve, did, by a well authenticated deed, under his hand, convey the demanded premises to the plaintiffs, in fee-simple; and that by virtue thereof, they became well seized and possessed of the premises, and did enter thereon, and continued thereof so seized and possessed until some time after; and before the date of the plaintiff's writ, the defendant did enter thereinto, and unlawfully disseize and dispossess the plaintiffs thereof, as in their declaration is alleged.

To which there was a demurrer, and joinder in demurrer. The defense rested principally on two points.

1. That the judgment of confiscation recited in the replication (on which the plaintiffs found their claim) was a mere nullity, and void upon the face of it; for it did not appear from the record that the facts were proved, or that the defendant was found guilty, without which no judgment could be rendered; and for such defect it was not necessary to obtain a reversal, for it was as if no judgment had been rendered.

2. That by the statute of this state, against selling controverted titles, where the feoffor is not in possession at the time of the conveyance, it is enacted — "That all bargains, sales, leases, or other alienations for years, life, lives, or forever, or for any other term or time whatsoever, of any lands, tenements, or hereditaments, within this colony, whereof the lessor, vendor, grantor, or the person that doth otherways execute any instrument in writing, for the transferring any right or title to any lands, tenements, or hereditaments, to another person or persons (the present possessor thereof only excepted) is disseized, or ousted of the possession thereof, by the entry,

possession, or improvement of any other person or persons; or that does claim or challenge to have right or title, to any lands, tenements, or hereditaments, by force and virtue of any title, or claim, alien from, and in opposition to the title granted by the royal charter to this corporation, and not warranted by the laws of this colony, shall be null and void, and of no effect in the law, for the transferring and conveying any of the pretended rights or titles above described, to any person or persons whatsoever."—And that this statute is expressly against such a transfer as the one described in the plaintiff's replication, on which the plaintiffs found their title.

By the whole COURT. It appears by the record, that the judgment of the County Court, declaring all the estate of the defendant forfeited to the state of Connecticut, was rendered on a regular and legal process, and on due inquiry into the facts, by a court that had jurisdiction of the cause. And although it is not explicitly said in the record, that the court found the facts alleged in the information proved, yet it is strongly implied in these words, viz. "This court having heard the evidence relative to said Hoyt's joining himself as aforesaid, and considered thereof, are of opinion, that the real and personal estate of said Hoyt be, and the same is hereby declared forfeit," etc.— Therefore, the judgment cannot be considered as void, but valid in law while unreversed, notwithstanding the informality of the entry, as to the finding of the facts.

As to the second exception — That the treasurer's deed to the plaintiffs is void, because the defendant was in possession of the land when it was given.— If the statute for preventing frauds and quarrels in sales and alienations of land, etc. extended to the government of the state, this case does

Allen et al. v. Hoyt.

not come within the purview of the statute, because the title of the state was derived from the defendant by act of law; and therefore, from the time of the forfeiture, the defendant must be considered as possessing the land under the state, as tenant by sufferance, unless an actual disseisin, and holding out the state by force, were shown; which is not in this case, but only a possession, and receipt of the profits of the land. — But it cannot be supposed the statute was ever meant to be extended to the government of the state, who cannot be supposed ever to be guilty of the criminal and mischievous practices which the statute was made to prevent.— Judgment was therefore for the plaintiffs.

This judgment was afterwards affirmed by the Supreme Court of Errors.